UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   -v-                                       CASE NO: 5:25-CR-0105 (GTS)
                                                **DEFENSE SENTENCING MEMORANDUM**

RAMON ROSA CACERES-CACERES,
                          Defendant.

---

## I. PRELIMINARY STATEMENT

On March 27, 2025, Ramon Rosa Caceres-Caceres ("Mr. Caceres") will plead guilty to one count of illegal reentry (8 U.S.C. § 1326(a)). The Court has directed that no Presentence Investigation Report ("PSR") be prepared. Sentencing will immediately follow Mr. Caceres's change of plea. By this memorandum, the defense requests that the Court impose a sentence of time served with no period of supervised release to follow.

## II. FACTUAL AND PROCEDURAL HISTORY

Mr. Caceres is a citizen of Honduras. He is 34 years old. He has entered and been removed from the United States on two previous occasions. The first was in 2018 and the second was in 2019. He was not charged with any offense on either of those occasions. He has no criminal record. He reentered the United States after his 2019 removal and has been living in Fulton, New York, for approximately four years. He has been employed throughout his time in the United States. Taxes are deducted from his wages. He has no tattoos. He is not affiliated with any criminal or terrorist groups.

On February 24, 2025, Mr. Caceres was stopped by an Oswego County Sheriff's Deputy who saw him drive across a hazard marking (a vehicle infraction under New York law). Mr.

1

Caceres was on his way to work at the time. He was not under the influence of alcohol or other substances. Mr. Caceres was cooperative when questioned by the deputy and by a Border Patrol agent who arrived on the scene a few minutes later. When it was determined that Mr. Caceres did not have legal status in the United States, he was taken into custody without incident. He made his initial appearance in federal court on February 25, 2025, and thereafter waived his right to a detention hearing and preliminary hearing. As of the date of his change of plea/sentencing hearing, he will have been in custody just over one month. After he has served his sentence in this case he will be moved into immigration custody, where his prior order of removal is being processed for reinstatement.

### III.    GUIDELINE CALCULATION AND STATUTORY SENTENCING ISSUES.

Although no PSR has been prepared, the parties agree that the total offense level is 4[1] and that Mr. Caceres's criminal history category is I. The resulting Guideline sentencing range is 0-6 months. There is no statutory mandatory minimum sentence in this case. 8 U.S.C. § 1326(a). The maximum sentence is two years of imprisonment. *Id*.

### IV.    THE FACTORS LISTED IN 18 U.S.C. § 3553(a) WEIGH IN FAVOR OF SENTENCE OF TIME SERVED WITH NO PERIOD OF SUPERVISED RELEASE TO FOLLOW.

In determining a sentence, a court must consider the statutory concerns listed in 18 U.S.C. § 3553(a). Here, each of those factors weighs in favor of a Guideline sentence of time served. Mr. Caceres has no criminal history. He has been living a quiet life in the United States, working steadily, contributing to the tax base through payroll deductions, and not relying on public assistance. During his arrest he was compliant and respectful with officers. He is not a

---

[1] The base offense level is 8 pursuant to Guideline § 2L1.2. No enhancements are applicable under Guideline § 2L1.2. Mr. Caceres receives a two-level deduction as a zero-point offender pursuant to Guideline § 4C1.1. He receives a further two-level deduction for acceptance of responsibility pursuant to Guideline § 3E1.1.

2

member of any gang or terrorist organization. There do not appear to be any aggravating factors that would make an above-Guideline sentence appropriate. Pursuant to 28 U.S.C. § 994(j) and Guideline § 5C1.1 n.10, a "sentence other than a sentence of imprisonment" is "generally appropriate" for zero-point offenders like Mr. Caceres. Here, he has already served more than one month of imprisonment. Therefore, the defense respectfully requests that the Court impose a sentence of time served.

No period of supervised release is warranted in this case. Under 18 U.S.C. § 3583(b)(2), supervised release is discretionary rather than mandatory here. Under Guideline § 5D1.1(c), the Court should ordinarily not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who will likely be deported after imprisonment. Here, Mr. Caceres is a deportable alien who will likely be deported after imprisonment. Therefore, the defense respectfully requests that the Court decline to impose a term of supervised release.

## V. CONCLUSION

For the reasons discussed above, the defense respectfully requests that the Court impose a sentence of time served with no period of supervised release to follow.

DATED: March 24, 2025

        LISA A. PEEBLES
        FEDERAL PUBLIC DEFENDER
By:  */s/ Courtenay K. McKeon, Esq.*
        Assistant Federal Public Defender
        Bar Roll No. 515841
        Clinton Exchange, 3rd Floor
        4 Clinton Street
        Syracuse, New York  13202
        (315) 701-0080

To:   Michael Perry, AUSA (by ECF)
       Ramon Rosa Caceres-Caceres (by hand delivery)